1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

ALLAH,

CASE NO. C20-189 MJP

11

                          Petitioner,

**BAR ORDER**

12

          v.

13

STATE OF WASHINGTON,

14

                          Repondent.

15

16          THIS MATTER comes upon the Court's recent Order to Show Cause seeking Petitioner

17    Allah's response to the proposed entry of a bar order against him and Allah's Objections thereto.

18    (Dkt. Nos. 25, 27.)  Having reviewed Petitioner's Objections (Dkt. No. 27) and having

19    previously made a finding as to the frivolous and vexatious nature of Petitioner's filings (Dkt.

20    No. 25 at 7-9), the Court hereby **ORDERS** that the bar order described below be imposed.

21          Petitioner's Objections focus on his contention that he has been falsely imprisoned, the

22    same argument that has been addressed dozens of times by courts in this district.  (Dkt. No. 27.)

23    In fact, Petitioner himself notes that this district "has denied Allah© [relief] approximately 50

24

BAR ORDER - 1

1    times throughout this 20-year False Imprisonment." (Id. at 3.)  It is precisely because

2    Petitioner's continues to bring an argument that has been repeatedly denied as frivolous that a

3    pre-filing bar order is necessary in this case.  Petitioner also states that he has produced

4    documents demonstrating that his filings were not untimely or frivolous, each filing stated a

5    claim, and that he has exhausted his state court remedies, each of these being a reason that

6    Petitioner's dozens of claims have been dismissed in the past.  (Id. at 4.)  Yet the documents

7    Petitioner submitted provide no support for these claims.  (See id.)

8         The Court recognizes the burden a pre-filing bar order will place on Petitioner's right to

9    access the courts.  But that the Court is nonetheless empowered to enter bar orders under the All

10   Writs Act, 28 U.S.C. § 1651(a), as long as the Court enters specific findings, the litigant is given

11   an opportunity to be heard, and the order is narrowly tailored to the litigant's abusive conduct.

12   DeLong v. Hennessey, 912 F.2d 1144, 1146-48 (9th Cir. 1990).  Petitioner chose to object on the

13   same grounds that have been rejected in this court repeatedly over the past two decades. Further,

14   he failed to adequately challenge the Court's findings that he has abused the court system.  The

15   Court therefore ORDERS that the following bar order against Allah be entered:

**PRE-FILING BAR ORDER**

16

17        (1)    Petitioner Allah, also known as Edwin Randal Coston, Allah©, Allah©

18   NFN, and I Power Allah is prohibited from filing any civil action in the Western District of

19   Washington unless the complaint or petition is accompanied by a signed affidavit stating under

20   penalty of perjury that the complaint contains new allegations not previously litigated.  Allah

21   may not proceed *in forma pauperis* in any § 1983 or *Bivens* action without a showing that he is

22   in imminent danger of serious bodily injury or death.  Any complaint or petition filed by Allah

23

24

that is not accompanied by a signed affidavit and/or an imminent danger showing will be filed in No. MC20-80-MJP, but no action will be taken on the document and no case will be opened.

(2)     Any habeas petition that is not accompanied by the full filing fee or a completed application to proceed *in forma pauperis* that includes consent to withdraw funds from Allah's prison account on a schedule pursuant to 28 U.S.C. § 1915, will be filed in No. MC20-80-MJP, but no action will be taken on the document and no case will be opened.

(3)     Any habeas petition that is accompanied by the full filing fee or a completed application to proceed *in forma pauperis* will be docketed in No. MC20-80-MJP and reviewed by the Court under the requirements of 28 U.S.C. § 1915(g), who will determine whether the case may proceed.

(4)     Any other document that appears to be a civil action and that is accompanied by the full filing fee will be docketed in No. MC20-80-MJP and reviewed by a judge of this court, who will determine whether the case may proceed.

(5)     Allah is prohibited from filing any actions in the Western District of Washington under names other than Allah or Edwin Randal Coston.  Any action identified with Allah but filed under another name will not be filed.

(6)     This pre-filing bar order shall be in effect until further order of this Court. Allah may, no earlier than September 15, 2022, petition the Court to lift this order, setting forth the reasons why such action is appropriate.

//

//

//

//

The clerk is ordered to provide copies of this order to Petitioner.

Dated September 28, 2020.

Marsha J. Pechman
United States Senior District Judge