1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   ALLAH,                                    CASE NO. 20-80 MJP

11                        Petitioner,          ORDER DENYING MOTION TO
                                               REMOVE BAR ORDER
12          v.

13   STATE OF WASHINGTON,

14                        Respondent.

15

16          This matter comes before the Court on Petitioner's Motion to Remove the Bar Order.

17   (Dkt. No. 8.) Having reviewed the Motion, the Court DENIES it.

18          The Court has imposed a Bar Order on Petitioner, Allah, which requires, among others,

19   the following pre-suit conditions:

20          (1) Petitioner Allah, also known as Edwin Randal Coston, Allah©, Allah© NFN, and I

21          Power Allah is prohibited from filing any civil action in the Western District of

22          Washington unless the complaint or petition is accompanied by a signed affidavit stating

23          under penalty of perjury that the complaint contains new allegations not previously

24

1   litigated. Allah may not proceed in forma pauperis in any § 1983 or Bivens action

2   without a showing that he is in imminent danger of serious bodily injury or death. Any

3   complaint or petition filed by Allah that is not accompanied by a signed affidavit and/or

4   an imminent danger showing will be filed in No. MC20-80-MJP, but no action will be

5   taken on the document and no case will be opened.

6   (2) Any habeas petition that is not accompanied by the full filing fee or a completed

7   application to proceed in forma pauperis that includes consent to withdraw funds from

8   Allah's prison account on a schedule pursuant to 28 U.S.C. § 1915, will be filed in No.

9   MC20-80-MJP, but no action will be taken on the document and no case will be opened.

10  (3) Any habeas petition that is accompanied by the full filing fee or a completed

11  application to proceed in forma pauperis will be docketed in No. MC20-80-MJP and

12  reviewed by the Court under the requirements of 28 U.S.C. § 1915(g), who will

13  determine whether the case may proceed.

14  (4) Any other document that appears to be a civil action and that is accompanied by the

15  full filing fee will be docketed in No. MC20-80-MJP and reviewed by a judge of this

16  court, who will determine whether the case may proceed.

17  (Bar Order at 2-3 (Dkt. No. 1).)

18      Petitioner's Motion to Remove the Bar Order consists of one page of briefing and an

19  "Affidavit of Truth." (Dkt. No. 8.) The one page of the briefing simply lists additional names of

20  persons Petitioner wishes to sue, and the "Affidavit of Truth" attests to Petitioner's belief the

21  contents of the motion are true, correct, complete, and not misleading. (Id.)

22

23

24

ORDER DENYING MOTION TO REMOVE BAR ORDER - 2

Petitioner's Motion does not satisfy the Bar Order's requirements or advance any argument as to why the Court should remove the Bar Order. The Court therefore DENIES the Motion.

The clerk is ordered to provide copies of this order to Petitioner all counsel.

Dated December 13, 2021.

Marsha J. Pechman
United States Senior District Judge

ORDER DENYING MOTION TO REMOVE BAR ORDER - 3